NOT DESIGNATED FOR PUBLICATION

No. 121,672

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LYLE EUGENE GULICK,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed May 1, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., LEBEN, J., and MCANANY, S.J.

PER CURIAM: Lyle Gulick received probation following his convictions for aggravated assault and criminal damage to property. Eight months later, he admitted to violating his probation conditions by testing positive for drug use. He served a 72-hour jail sanction for that violation and had his probation extended. He admitted to another violation about five months later, this time for possessing a firearm and ammunition. At that point, the judge revoked Gulick's probation and ordered him to serve his underlying 24-month prison sentence.

On appeal, Gulick argues that the district court abused its discretion by revoking probation and imposing his underlying prison sentence rather than giving him sanctions

1

and another chance at probation. Before we consider that claim, we must first review the rules that apply.

A district court's decision to revoke probation must be based on a factual finding that the defendant violated a condition of probation. Once a violation has been established, the decision to revoke probation is within the discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); see *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). That discretion can be limited under the statute governing probation revocation, K.S.A. 2018 Supp. 22-3716(b)-(c). We note that the Kansas Legislature recently amended it, see L. 2019, ch. 59, § 10, effective July 1, 2019. That was a few months after Gulick's violations, though, and neither party suggests that the new version of the statute applies here.

Under the earlier statute, the district court had to impose intermediate sanctions before ordering the defendant to serve the underlying prison term. K.S.A. 2018 Supp. 22-3716(b)-(c). But no sanctions were required if the defendant committed a new crime while on probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A). In that case, the court could revoke probation and impose the underlying prison sentence.

Gulick admitted that he committed a new crime—possession of a firearm and ammunition by a felon—while on probation. So the district court didn't have to impose any intermediate sanctions, and we review its decision to revoke Gulick's probation for abuse of discretion. Unless the district court has made a legal or factual error (and that's not claimed here), we may find an abuse of discretion only when no reasonable person would agree with the district court's decision. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017).

We find nothing unreasonable about the district court's decision to revoke Gulick's probation. The district court had given Gulick a second chance at probation after a

2

previous violation for drug use. When Gulick violated probation again, this time for committing new crimes, a reasonable person could agree with the district court that he was not taking his second chance seriously and wasn't a good candidate for continued probation. So we find no abuse of discretion in the district court's decision to revoke Gulick's probation and impose his underlying prison sentence.

On Gulick's motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court, and we find no error in its decision to revoke Gulick's probation.

We affirm the district court's judgment.